JOURNAL ENTRY and OPINION
{¶ 1} The City of Cleveland appeals from a judgment of the Cleveland Municipal Court which dismissed the city's complaint of traffic violations against Kirsten Fitos for lack of proper service. Because we have concluded that Fitos waived her right to object to any defect in service by appearing in court and pleading not guilty to the charges, we vacate the court's judgment and remand this case to the Municipal Court.
 {¶ 2} The record reflects that on April 2, 2002, Officer Jenae Wilson-Brown, while en route to an emergency call, effected a stop of Fitos' vehicle for running a red light at East 79 Street. Instead of issuing Fitos a ticket at that time, Officer Wilson-Brown filed a complaint on April 22, 2002, in the Cleveland Municipal Court, alleging four violations: traffic signal, full time and attention requirement, and driver and passenger seat belt rules. On April, 23, 2002, a clerk issued a summons and an officer delivered the summons to Fitos' residence and left it with her mother. On May 6, 2002, Fitos failed to appear at arraignment and the court ordered a capias for her arrest. On May 22, 2002, she pled not guilty, and the court scheduled trial for June 4, 2002.
 {¶ 3} At trial, after hearing testimony from Officer Wilson-Brown and Fitos, who appeared pro se, the court found Fitos guilty and imposed fines for the traffic violations. The transcript then reflects that the court, after that pronouncement, allowed a Legal Aid Attorney, Gusty A. Rini, to speak on behalf of Fitos as "a friend of the court;" at that time, he raised the issue of improper service of the summons, arguing that the summons did not indicate how service was made in this case and therefore no proof of service existed. During this discussion, the prosecutor alluded twice to the issue of speedy trial, but did not argue its position on that issue, stating only that the speedy trial time would start after a defendant received service of the citation or made the first appearance in the matter.
 {¶ 4} The record reflects Rini then moved for dismissal of the case for lack of service and the court granted that motion.
 {¶ 5} The city now appeals from the court's dismissal of this case, raising two assignments of error for our review. For ease of discussion, we address them jointly. They state:
 {¶ 6} "I. The trial court erred by considering a motion to dismiss for want of speedy trial after the court conducted the trial and issued a verdict."
 {¶ 7} "II. The trial court erred by not finding that personal service had been waived when the defendant appeared in court on the date of trial with a copy of the traffic citation at issue."
 {¶ 8} The city argues the court erred in dismissing the case for lack of proper service and for violation of speedy trial. The city also complains that the court improperly entertained Fitos' motion to dismiss after it had rendered a guilty verdict and therefore its dismissal of the case constituted error.
 {¶ 9} First, regarding the city's complaint that the court unlawfully considered a motion to dismiss after its pronouncement of a guilty verdict, we recognize the procedural oddity here. However, it is axiomatic that a court speaks through its journal. See State v. King,70 Ohio St.3d 158, 1994-Ohio-412. The judgment entry filed on June 25, 2002 reflects that the court dismissed the case for invalid service; nothing in the court's journal indicates that it rendered a guilty verdict following trial. Therefore, the city's complaint that the court unlawfully vacated a guilty verdict is misguided.
 {¶ 10} Second, we note that the city improperly raises the issue of speedy trial for our review. A defendant must raise an alleged violation of speedy trial rights "at or prior to commencement of trial." R.C. 2945.73(B); State v. McRae (1978), 55 Ohio St.2d 149. Here, a careful reading of the trial transcript indicates that the speedy trial issue was alluded to twice by the prosecutor during trial; however, neither Fitos nor the Legal Aid counsel moved to dismiss the case for lack of speedy trial, or presented any argument to that effect. Rather, the trial transcript reflects the court dismissed the case on the ground of lack of proper service and the June 25, 2002 judgment entry from which Fitos appeals indicated the same. Because Fitos never moved for dismissal based on her speedy trial rights and the court likewise did not rule on that issue, that issue is not properly before us for review.
 {¶ 11} Turning now to the issue of whether defective service existed in this case, it is a well-established rule in Ohio that when a defendant appears in the trial court and enters a plea of not guilty to charges, he waives any objection to the court's exercise of personal jurisdiction over him. State v. Savage (1977), 60 Ohio App.2d 394. See, also, City of Parma v. King, (Apr. 20, 2000), Cuyahoga App. No. 75185;Toledo v. Williams (Jan. 18, 1991), Lucas App. No. L-89-340; City ofBrunswick v. McDonald (July 6, 1983), Medina App. No. 1223.
 {¶ 12} In addition, Traf.R. 11 provides that failure by a defendant to raise defense or objections or to make motions and requests which must be made prior to plea or trial constitutes waiver of them.
 {¶ 13} Finally, Crim.R. 4(D) provides that summons may be served upon a defendant by delivering a copy to the defendant personally, or by leaving it at the defendant's usual place of residence with some person of suitable age and discretion then residing therein, or by mailing it to the defendant's address by certified mail. That rule furthermore requires that, when a copy of the summons has been served, the person serving summons shall endorse that fact on the summons and return it to the clerk, who shall make the appropriate entry on the appearance docket.
 {¶ 14} Here, the record reflects that the copy of the summons filed with the court lacked any indication of the manner in which service was made, while the docket sheet recorded only that "the clerk has issued a summons for the defendant". Fitos admitted at trial that a copy of the summons was delivered to her residence and left with her mother, and that she had the traffic citations in her possession.
 {¶ 15} However, we do not reach the issue of whether any defect in service existed in the circumstances here, because any defect in service should have been raised prior to her plea. Savage, supra, Traf.R. 11. Here, a May 22, 2002 journal entry reflects Fitos pled not guilty to all counts. She failed to raise objections to any procedural defect in service, and therefore she waived these challenges. We recognize that Fitos did not have the benefits of counsel in this matter, however, pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel and they are not to be accorded greater rights and must accept the results of their own mistakes and errors. SeeMeyers v. First Nat'l Bank (1981), 3 Ohio App.3d 209.
 {¶ 16} Accordingly, the court erred in dismissing the charges against Fitos. We therefore vacate that judgment and remand this case for further proceedings consistent with this opinion.
Judgment vacated. Matter remanded.
The sentence is vacated, and this cause is remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee its costs herein taxed.
It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. and PATRICIA ANN BLACKMON, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).