OPINION.
{¶ 1} The defendant-appellant, Ismail Salaam, appeals from the conviction entered upon a jury's verdict finding him guilty of possession of cocaine, aggravated trafficking in cocaine in the vicinity of a school, and tampering with evidence. The trial court sentenced Salaam to concurrent prison terms totaling four years. In his four assignments of error, Salaam contends that (1) his conviction was against the weight and sufficiency of the evidence; (2) the trial court improperly allowed the state to reopen its case after granting Salaam's Crim.R. 29 motion for failure of proof on the "vicinity of a school" element of the aggravated-trafficking charge; (3) the trial court improperly sentenced him; and (4) his trial counsel was ineffective. The assignments of error are not well taken.
 {¶ 2} About 4:10 p.m., during a routine patrol, Cincinnati police officers John Heine and Ron Dammert checked a common courtyard across the street from the Rothenberg Elementary School for illegal activity. Both officers were in uniform. In a breezeway leading to the courtyard Officer Heine saw Salaam and another man engaging in what appeared to be a drug transaction. Salaam, holding a small plastic bag containing a white substance, was facing a man holding cash in his hand. When they saw Officer Heine, both men ran. Officer Heine pursued Salaam, who dropped a cellular phone. He chased Salaam into one of the courtyard's dead-end breezeways, where he saw Salaam throw a plastic bag over the boarded-up gate. He arrested Salaam who had on his person $1,009 in cash in the following denominations: one fifty-dollar bill, twenty-seven twenty-dollar bills, thirty ten-dollar bills, twenty-two five-dollar bills, and thirty-six one-dollar bills. On the opposite side of the breezeway's boarded-up gate, a few feet into the street, Officer Dammert recovered the plastic bag, which was found to contain 3.13 grams of crack cocaine. Salaam told Officer Heine that the cash was from the proceeds of his father's social-security death benefits.
 {¶ 3} In his first assignment of error, Salaam challenges the weight and sufficiency of the state's evidence offered to prove possession of cocaine, aggravated trafficking, and tampering with evidence. Our review of the record fails to persuade us that the jury, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541. Although Salaam called two witnesses who contradicted the testimony of the officers by claiming that they saw someone other than Salaam drop the plastic bag in the street, the jury heard ample evidence from the police officers that, if believed, proved that Salaam had possessed cocaine, had prepared the crack cocaine for shipment, distribution, or sale, and had attempted to dispose of the evidence to avoid prosecution. See R.C. 2925.11(A), 2925.03(A)(2), and2921.12; see, also, State v. Farr, 10th Dist. No. 02AP-167,2002-Ohio-5523. The weight to be given this evidence and the credibility of the witnesses were primarily for the trier of fact to determine. SeeState v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 4} Moreover, the record contains substantial, credible evidence from which to conclude that the state had proved all elements of the charged crimes beyond a reasonable doubt, including that Salaam had trafficked in cocaine and possessed cocaine. See State v. Waddy (1991),63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921,113 S.Ct. 338.
 {¶ 5} There was also sufficient evidence for the jury to find beyond a reasonable doubt that the state had proved that the trafficking offense had occurred "in the vicinity of" Rothenberg Elementary School, which elevated that offense to a third-degree felony. See State v.Waddy.
 {¶ 6} Salaam also contends that throwing away drugs during a police pursuit did not constitute tampering with evidence. The elements of the offense of tampering with evidence are set out in R.C. 2921.12(A), which provides, "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following: (1) Alter, destroy, conceal, or remove any record, document, or thing, with the purpose to impair its value or availability as evidence in such proceeding or investigation[.]" We agree with the Tenth Appellate District that evidence of a defendant seen throwing away a bag of illegal drugs while fleeing from police is sufficient to establish the elements of the offense of tampering with evidence. See State v. Jackson, 10th District, No. 02AP-188,2002-Ohio-4728. The first assignment of error is overruled.
 {¶ 7} In his second assignment of error, Salaam first contends that he was twice prosecuted for a third-degree felony in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, after the trial court had previously acquitted him of the "vicinity of a school" element that elevated the trafficking offense from a fourth-degree felony to a third-degree felony. See R.C. 2925.03(C)(1)(b).
 {¶ 8} "An offense is `committed in the vicinity of a school' if the offender commits the offense on school premises, in a school building, or within one thousand feet of the boundaries of any school premises." R.C. 2925.01(P). This language describes an element of the offense, as it elevates the degree of the offense as opposed to merely enhancing the sentence. See State v. Allen (1987), 29 Ohio St.3d 53,506 N.E.2d 199.
 {¶ 9} On direct examination, Officer Heine referred to locations from a diagram he had earlier prepared and from photographs admitted in evidence. He estimated that the distance from the parking lot of the Rothenberg Elementary School to where Salaam was trafficking in cocaine was four times the length of the courtroom. In front of the jury, the prosecutor stepped off the length of the room at sixteen paces. When asked the distance from the parking lot to the breezeway, Officer Heine testified, "I would say no more than 700 feet." In granting Salaam's Crim.R. 29 motion for a judgment of acquittal, the trial court stated that Officer Heine's estimate of distances without an actual measurement was speculative.
 {¶ 10} The trial court, however, after the state had rested, but before Salaam had begun his case-in-chief, granted leave to the state to reopen its case to submit evidence of the actual measurement of the distance from the Rothenburg School to where Officer Heine first saw Salaam. This evidence was obtained by the state through measurements made by Officer Heine at a lunch break. Using the diagram and photographs, Officer Heine testified that the distance between the edge of the school parking lot and the location where he saw Salaam engaging in the drug transaction with the other man was "209 feet." The trial court then overruled Salaam's Crim.R. 29 motion, explicitly stating that the ruling was "nunct [sic] pro tunc."
 {¶ 11} Although the trial court had first announced that it was granting Salaam's Crim.R. 29 motion, it did not journalize its order acquitting him of the "vicinity of a school" element before allowing the prosecutor to reopen the state's case. A court of record speaks only through its journal. See State v. King, 70 Ohio St.3d 158, 162,1994-Ohio-412, 637 N.E.2d 903, quoting State ex rel. Worcester v.Donnellon (1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183; see, also, Crim.R. 32(B). A judgment is effective only when the clerk enters the order in the court's journal. See id. Because a final order granting Salaam's Crim.R. 29 motion was not journalized before the state was permitted to reopen its case, Salaam was not prosecuted twice for the element that elevated the level of the trafficking offense to a third-degree felony.
 {¶ 12} We further note that the trial court's statement that its ultimate ruling on the Crim.R. 29 motion was made nunc pro tunc is of no consequence. A nunc pro tunc order is limited to causing the record to reflect what the court actually decided, not what the court should have decided or intended to decide. See Mayer v. Henson, 97 Ohio St.3d 276,2002-Ohio-6323, at ¶ 14. The court's "granting of a Crim.R. 29 motion" acquitting Salaam of the "vicinity of a school" element was simply an announcement of its intention to make a ruling that was of no effect unless it was actually journalized.
 {¶ 13} Salaam also argues that, in granting leave to the state to reopen its case after his Crim.R. 29 motion had been granted, the trial court violated Crim.R. 29 itself, which provides, "The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case." This language, however, does not preclude the trial court from granting leave to the state to reopen its case before a Crim.R. 29 motion is finally decided. See State v. Smith (Mar. 28, 1990), 1st Dist. No.C-890073. The decision to vary the order of proceedings set forth in R.C. 2945.10, including the decision to allow a party to reopen its case to offer additional proof, is within the trial court's sound discretion. See Columbus v. Grant (1981), 1 Ohio App.3d 96,97, 439 N.E.2d 907.
 {¶ 14} Absent a showing of an abuse of discretion, the decision will not be disturbed on appeal. See State v. Smith. An abuse of discretion "connotes more than error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude * * *." See State v.Mauer (1984), 15 Ohio St.3d 239, 250, 473 N.E.2d 768. It was within the trial court's discretion to allow Officer Heine to clarify his previous testimony in light of the photographs and the diagram admitted into evidence. See State v. Walker, 3d Dist. No. 13-2000-26, 2001-Ohio-2119. As there was a "sound reasoning process that would support that decision," the trial court did not abuse its discretion. AAAA Enterprisesv. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161, 553 N.E.2d 597. The second assignment of error is overruled.
 {¶ 15} In his third assignment of error, Salaam correctly argues that the trial court was under the mistaken impression that the trafficking offense committed "in the vicinity of a school" carried a mandatory prison term. The error was harmless, however, as the trial court's findings clearly and convincingly demonstrate that it intended to sentence Salaam to a prison term in any event. In selecting a four-year prison term for the trafficking offense from the sentencing range for a third-degree felony, the trial court engaged in the required analysis of the factors and sentencing guidelines mandated by the supreme court inState v. Edmondson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. The trial court's signed, felony-sentencing worksheet reflects that a four-year prison term was consistent with the purposes and principles of sentencing, pursuant to R.C. 2929.11, as the trial court found that the sentence was necessary to protect the public from future crime by Salaam and to punish him, and that the serious recidivism factors outweighed the less serious recidivism factors in R.C. 2929.12(B) through (E). The trial court also stated on the record that Salaam, at nineteen years of age, had served a prison term for possession of drugs, showed no genuine remorse, and had only been released from prison for three months before his arrest on the present charges. The record clearly and convincingly supports the sentence imposed by the trial court.
 {¶ 16} Salaam also contends that possession of cocaine and trafficking in cocaine are allied offenses of similar import pursuant to R.C. 2941.25(A). We have held that, in light of the comparing-the-statutory-elements-in-the-abstract test adopted in Statev. Rance (1999), 85 Ohio St.3d 632, 636, 710 N.E.2d 699, possession of cocaine and trafficking in cocaine are not allied offenses of similar import. "[I]t is possible to possess crack without offering it for sale, and it is possible to sell or offer to sell crack cocaine without possessing it, e.g., when one serves as a middleman." State v. Gonzales,
1st Dist. No. C-010757, 2002-Ohio-4937. The third assignment of error is overruled.
 {¶ 17} In his fourth assignment of error, Salaam argues that he was denied the effective assistance of counsel. A reviewing court may not reverse a conviction for ineffective assistance of counsel unless the defendant shows first that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive defendant of a fair trial. See Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's error, the result of the trial would have been different."State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus; see State v. Gross, 97 Ohio St.3d 121,2002-Ohio-5524, 776 N.E.2d 1061, at ¶ 116. A "reasonable probability" in this context is one that undermines confidence in the outcome. See State v. Sanders (2001). 92 Ohio St.3d 245, 274,2001-Ohio-189, 750 N.E.2d 90. When conducting its inquiry, "[a] reviewing court must strongly presume that `counsel's conduct falls within the wide range of reasonable professional assistance,' and must `eliminate the distorting effects of hindsight, * * * and * * * evaluate [counsel's] conduct from counsel's perspective at the time.'" Id. at 273,2001-Ohio-189, 750 N.E.2d 90, quoting Strickland v. Washington,466 U.S. at 689, 104 S.Ct. 2052.
 {¶ 18} Salaam's claim of ineffective assistance of counsel is based upon his assertion that his counsel failed to subpoena a necessary witness for his defense. When counsel notified the trial court that a witness, allegedly the other man involved in the transaction with Salaam, who had been present the day before, had failed to return, the trial court granted Salaam a one-day continuance to secure his presence. Counsel was unable to locate the witness and did not seek a proffer to preserve his testimony for appeal. Therefore, we cannot determine if the testimony would have assisted Salaam's defense or if his testimony would have changed the probable outcome of the trial.
 {¶ 19} Salaam also contends that due to his counsel's mistaken belief, shared with the trial court, that a mandatory prison term was required for the aggravated-trafficking offense, his counsel neglected to request a presentence investigation. Because the trial court's findings confirm that it intended to sentence Salaam to a prison term, we hold that the error was inconsequential and did not prejudice Salaam. The fourth assignment of error is overruled.
 {¶ 20} Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
Sundermann, P.J. and Doan, J., concur.