OPINION
{¶ 1} Defendant-appellant Kevin Green appeals his conviction in the Mahoning County Common Pleas Court of complicity to commit aggravated murder and kidnapping. Green raises three issues on appeal. First, this court is asked to decide whether Green's speedy trial rights were violated. Next, this court is asked to determine whether the trial court's instruction on reasonable doubt resulted in prejudicial error. Lastly, this court must decide if the jury instruction on flight erroneously shifted the burden of proof to Green. For the reasons stated below, the decision of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} On the night of September 17, 1999, John Allen, the victim, was at an apartment building located at 1515 Market Street, Youngstown, Ohio. Green, William Robinson, Jeron Hunter, and Lamar Logan were also at this apartment building. Sometime during that night, Allen told Robinson that he was planning to rob Green. (Tr. 595). Robinson reported this information to Green which resulted in Green asking Robinson to get him a gun. (Tr. 597). Robinson left the apartment building and later returned with a gun. Once Green had the gun, he and Robinson confronted Allen about Allen's plan to rob Green. During the confrontation, Robinson hit Allen because it looked as if Allen had a gun. Green, Hunter, and Logan also began hitting Allen. (Tr. 604).
 {¶ 3} According to Robinson, the beating of Allen continued to ensue for several minutes. (Tr. 606). Robinson claims that Green tied up Allen and with the help of Hunter carried Allen to Green's car where they placed him in the trunk. (Tr. 607). It is claimed that Green, Hunter and Robinson then went to Lincoln Park, Youngstown, Ohio, where Allen was fatally shot six times in the head. (Tr. 356, 369). The testimony does not reveal who had the gun in Lincoln Park or who shot Allen. Logan, Hunter and Robinson all entered plea agreements with the state to testify against Green.
 {¶ 4} Green admitted at trial that he left Youngstown after he heard the news reports about Allen's murder. (Tr. 772, 800). He stated he returned to Youngstown and turned himself in to police when he learned they were looking for him. Green was indicted for aggravated murder and kidnapping on October 14, 1999. Due to the number of continuances filed, he was not brought to trial until February 15, 2001.
 {¶ 5} The jury returned a not guilty verdict on the aggravated murder charge, however the jury found Green guilty of complicity to commit aggravated murder and kidnapping. The trial court sentenced Green to life imprisonment for the murder charge and ten years for kidnapping. The terms were ordered to be served consecutively. Green timely appeals raising three assignments of error.
 ASSIGNMENT OF ERROR NO. ONE {¶ 6} "Kevin Green's conviction must be vacated because he was deprived of his statutory right to a speedy trial due to the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 7} Green argues that his speedy trial rights were violated because he was not brought to trial within the time period mandated by R.C. 2945.71. Green signed a written waiver and waived his right to a speedy trial in open court. (Tr. of Proceedings Waiver 4, 12/7/99 Waiver of Right to Speedy Trial). However, Green claims that the waiver was only valid as to the trial date that was set at the time of the waiver and, as such, was a waiver of limited duration. According to him, since he was not brought to trial on that date, the waiver was no longer valid and the statutory speedy trial time began to run. He claims that his trial did not commence until 28 days after the speedy trial time had expired and therefore, trial counsel was ineffective for failing to assert the right to discharge the indictment before the commencement of trial.
 {¶ 8} The state rebuts this argument by claiming that the waiver was of unlimited duration because it fails to explicitly set a time period in which he must be brought to trial. The state adds that Green did not re-invoke his speedy trial rights and the waiver was still effective. Furthermore, the state claims Green's speedy trial violations are cloaked under ineffective assistance of counsel to circumvent the well settled law that speedy trial violations cannot be raised for the first time on appeal.
 {¶ 9} Green is attempting to argue his purported denial of a speedy trial for the first time before an appellate court. We agree with the state that such a violation must be raised at the trial court level or it is waived. State v. Goodwin, 7th Dist. No. 99CA220,2001-Ohio-3416. However, we must review the issue here not to determine whether Green must be discharged because he did not receive a trial within the time frame contemplated by the Constitution of the United States and State of Ohio, but rather to determine whether Green should receive a new trial because he did not receive effective assistance of legal counsel.
 {¶ 10} A two-prong test has been established to determine if counsel was ineffective. Strickland v. Washington (1984), 466 U.S. 668,686; State v. Reynolds, 80 Ohio St.3d 670, 674, 1998-Ohio-171. The first prong requires the defendant to show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonable. Strickland, 466 U.S. at 687; State v. Sallie,81 Ohio St.3d 673, 674, 1998-Ohio-343; State v. Hlinovsky, 7th Dist. No. 99BA65, 2001-Ohio-3247. The second prong requires the defendant to show that counsel's error was so serious as to deprive the defendant of a fair trial. Strickland, 466 U.S. at 687; Sallie, 81 Ohio St.3d at 674. In reviewing an ineffective assistance of counsel claim, the appellate court presumes that counsel's conduct falls within the wide range of reasonable professional assistance. State v. Thompson (1987), 33 Ohio St.3d 1, 10. A reviewing court will not second guess the strategic decisions made by trial counsel. State v. Hartman, 93 Ohio St.3d 274, 296, 2001-Ohio-1580.
 {¶ 11} The constitutional and statutory right to a speedy trial may be waived so long as the waiver is knowingly and voluntarily made.State v. King, 70 Ohio St.3d 158, 160, 1994-Ohio-412, citing Barker v.Wingo (1972), 407 U.S. 514, 529. To be effective, an accused's waiver of his constitutional and statutory speedy trial rights must be expressed in writing or made in open court on the record. King, supra at syllabus. A waiver that expressly waives the accused's right to a speedy trial under the statute without mentioning a specific time period is unlimited in duration. State v. O'Brien (1987), 34 Ohio St.3d 7, paragraph two of the syllabus. "Once an accused has made an express, written waiver of unlimited duration `the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time.'" State v. Kovacek (May 30, 2001), 9th Dist. No. 00CA007713, quoting O'Brien, supra at paragraph two of the syllabus.
 {¶ 12} In the case at hand, the language in the written waiver does not contain limiting language. (12/7/99 J.E.). During the waiver hearing, the trial court stated that Green wished to give up his speedy trial rights and agree "to an indefinite continuance, although it is not indefinite." (Tr. of Proceedings Waiver 3-4). The court indicated that a future trial date would be set. (Tr. of Proceedings Waiver 4). However, during this discussion a definite time period for waiver of speedy trial rights was not established and therefore the waiver was of unlimited duration. See, also, O'Brien, 34 Ohio St.3d 7; State v. Lee (Apr. 13, 1994), 9th Dist. No. 93CA005671 (holding that Lee's argument that the waiver was only effective as to the trial date that was set at that time of execution of the waiver was incorrect because the waiver failed to explicitly specify a time limit). As such, trial counsel was not ineffective for failing to file a motion to dismiss all charges based upon speedy trial rights because the record does not reveal evidence of a violation of those rights. The Sixth and Fourteenth Amendments to the United States Constitution do not require counsel to file a meritless motion simply to avoid an allegation of ineffective assistance of counsel. State v. Proctor (May 14, 2001), 12th Dist. Nos. CA2000-06-059 and CA2000-08-078, citing State v. Robinson (1996), 108 Ohio App.3d 428,433.
 {¶ 13} Furthermore, Green never re-invoked his speedy trial rights. If Green wished to re-invoke his speedy trial rights he should have filed formal written objections to the continuances and demanded trial. Kovacek, supra; O'Brien, supra. The record reveals that Green filed three motions for continuances, the state and Green filed one joint motion for continuance, the court sua sponte ordered a continuance twice due to its own crowded docket, and the state filed for one continuance. Green did not file a formal objection to any of the continuances nor did he demand trial. However, the absence of such objection or demand does not per se lead to the inescapable conclusion that Green's trial counsel was ineffective. There are a plethora of reasons why a delay in the trial date might be beneficial to an accused, i.e. purposes of adequate trial preparation and/or trial strategy. Therefore, in the absence of some dialogue or evidence on the record that an accused did not intend to execute a waiver, intended to re-assert his right to a speedy trial, or was in fundamental disagreement with his legal counsel, we will not make a blanket assumption that trial counsel's failure to act was the result of negligence or inadequate representation.
 {¶ 14} Within our limited reviewing parameters, we hold that the failure to pursue an alleged speedy trial violation is a possible indicia of ineffective legal counsel when it is demonstrated on the record that trial counsel refused to pursue a demand for trial, acted contrary to his client's express instructions, or a waiver of limited duration expired and trial counsel failed to demand dismissal of the charges based on speedy trial violations. Here the majority of the continuances requested are attributable to Green. There is no evidence that he disagreed with his legal counsel. Moreover, the waiver was of unlimited duration. Green silently sat back throughout the pendency of his case and gave no indication to the trial court that he desired a more timely trial. A defendant cannot get the best of both worlds. That is, the defendant cannot sign an unlimited waiver of speedy trial time and then, after being found guilty by a jury, claim counsel was ineffective for failing to assert and/or reassert the defendant's speedy trial rights. Accordingly, this assignment of error lacks merit and is overruled.
 ASSIGNMENT OF ERROR NO. TWO {¶ 15} "Kevin Green was denied a fair trial in accordance with theFifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution when the state improperly shifted the burden of proving the defendant's guilt. Counsel was ineffective for failing to object to the State's mischaracterization of the law."
 {¶ 16} Green raises two issues under this assignment of error. First, he argues that the trial court's jury instruction regarding the definition of reasonable doubt, although it followed the statutory definition, was flawed. Second, Green claims that during voir dire the prosecutor misled the jury to believe that reasonable doubt was a lighter burden of proof than it actually is. Green claims that trial counsel was ineffective for failing to object to either of these alleged errors.
 {¶ 17} A reviewing court may not reverse a criminal conviction due to an erroneous jury instruction unless it is clear that the jury instructions constituted prejudicial error. State v. McKibbon, 1st Dist. No. C-010145, 2002-Ohio-2041. An instruction results in prejudicial error when from the record it is gleaned that such an instruction resulted in a manifest miscarriage of justice. Id. When reviewing an alleged error in a specific jury instruction, the jury instruction as a whole must be considered. State v. Noggle, 140 Ohio App.3d 733, 750, 2000-Ohio-1927.
 {¶ 18} As explained under the first assignment of error, to constitute ineffective assistance of counsel, the defendant must show that counsel's performance was objectively deficient and that due to this deficiency defendant was deprived of a fair trial. Strickland,466 U.S. at 687. The trial court gave the following definition of reasonable doubt:
 {¶ 19} "Reasonable doubt is present when, after you have carefully considered and compared all the evidence you cannot say you are firmly convinced of the truth of the charge. Reasonable doubt is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. Proof beyond a reasonable doubt is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs." (Tr. 920).
 {¶ 20} This is the exact language provided in R.C. 2901.05(D), the statutory definition of reasonable doubt. Other criminal defendants have attacked the use of this definition in the jury instructions, and those attacks have been consistently rejected by the Ohio Supreme Court. Statev. Gross, 97 Ohio St.3d 121, 146, 2002-Ohio-5524; State v. Jones,90 Ohio St.3d 403, 417, 2000-Ohio-187; State v. Hessler, 90 Ohio St.3d 108,115, 2000-Ohio-30; State v. Moore, 81 Ohio St.3d 22, 33, 1998-Ohio-441
(upholding the constitutionality of R.C. 2901.05(D)); State v. Getsy,84 Ohio St.3d 180, 202, 1998-Ohio-533; State v. Frazier, 73 Ohio St.3d 323,330, 1995-Ohio-235. The issue being settled we have no alternative but to conclude that trial counsel was not ineffective for failing to object to the trial court's instruction regarding the definition of reasonable doubt.
 {¶ 21} Furthermore, trial counsel was not ineffective for failing to object to the reasonable doubt questioning during voir dire. The state asked prospective jurors what they thought beyond a reasonable doubt meant. (Tr. 55-57). One prospective juror stated that he did not believe that he had to be 100 percent sure to convict. (Tr. 56). This prospective juror further stated that if everything points to the defendant, then he is "probably guilty, most likely." (Tr. 56). While the prospective juror's answer may have lead other jurors to believe that reasonable doubt was a lesser standard than it is, the state also informed the prospective jury that the trial judge would provide the jurors with the legal definition of reasonable doubt. (Tr. 56). Prior to deliberation, the jury instructions provided by the trial court contained the following instruction:
 {¶ 22} "It is now the duty of the court to instruct you on the law which applies to this case. The court and jury have separate functions. You decide the disputed facts, and I give the instructions of law. It is your sworn duty to accept these instructions and to apply the law as it is given to you. You are not permitted to change the law nor to apply your own idea of what you think the law should be." (Tr. 919).
 {¶ 23} The trial court then proceeded to give the reasonable doubt instruction cited above. Ohio juries are presumed to follow the court's instruction. State v. LaMar, 95 Ohio St.3d 181, 204, 2002-Ohio-2128;State v. Loza, 71 Ohio St.3d 61, 75, 1994-Ohio-409. Therefore, whatever belief voir dire left the jury with regarding reasonable doubt was corrected by the trial court's instruction and it is presumed that the jury followed that instruction. As such, this argument and the second assignment of error are without merit.
 ASSIGNMENT OF ERROR NO. THREE {¶ 24} "Kevin Green was denied a fair trial because the jury instruction on flight improperly shifted the burden of proof to the defendant in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution."
 {¶ 25} As explained above, a reviewing court will not reverse a criminal conviction due to an erroneous jury instruction unless it is clear from the record that the jury instruction resulted in a manifest miscarriage of justice. McKibbon, 1st Dist. No. C-010145. The jury instruction as a whole must be considered to determine if there was prejudicial error. Noggle, 140 Ohio App.3d at 750.
 {¶ 26} Green argues that the instruction on flight was erroneous and that he timely objected at trial to the flight instruction. The flight instruction contained the language "satisfactorily explain." Green claims that the word "satisfactorily" is vague and places the burden upon him to prove his innocence.
 {¶ 27} The instruction by the trial court on flight stated that:
 {¶ 28} "Flight, in and of itself, does not raise a presumption of guilt, but unless satisfactorily explained, it tends to show a consciousness of guilt or a guilty connection with the crime." (Tr. 925).
 {¶ 29} The Ohio Supreme Court has examined this exact instruction. State v. Taylor, 78 Ohio St.3d 15, 27, 1997-Ohio-84. The Court stated that this instruction on flight is neither arbitrary nor unreasonable, and did not create an improper mandatory presumption. Id. at 27; State v. Hambrick (Feb. 1, 2001), 8th Dist. No. 77686. The Court explained that "flight from justice may indicate a consciousness of guilt," but does not prove guilt. Taylor, supra, quoting State v. Eaton
(1969), 19 Ohio St.2d 145, paragraph six of the syllabus. Accord Statev. Wilson (1988), 47 Ohio App.3d 136, 140-141; cf. State v. Strub
(1975), 48 Ohio App.2d 57, 63. Accordingly, Green's argument is unsupported.
 {¶ 30} Given the above case law and a review of the entire jury instruction, we hold that the trial court's instruction did not result in a manifest miscarriage of justice. As such, this assignment of error is without merit.
 {¶ 31} For the foregoing reasons, the decision of the trial court is hereby affirmed.
Judgment affirmed.
Donofrio and DeGenaro, JJ., concur.