CITY OF AURORA, APPELLANT, *v.* PATRICK, APPELLEE.

[Cite as Aurora v. Patrick (1980), 61 Ohio St. 2d 107.]

(No. 79-248—Decided January 30, 1980.)

*Messrs. Gibbon & Buss* and *Mr. John H. Gibbon,* for appellant.

*Mr. Harry L. Griffith,* for appellee.

*Per Curiam.* R. C. 2945.71(B), in pertinent part, provides:

"A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"* * *

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree* * *."

R. C. 2945.72 provides, in part:

"The time within which an accused must be brought to trial,* * *may be extended only by the following:

"* * *

"(H)* * *the period of any reasonable continuance granted other than upon the accused's own motion."

This court has held that to construe R. C. 2945.72 too broadly would render meaningless and thwart the purpose of the speedy trial statutes. Practices that undercut the implementation of the "speedy trial" provisions of R. C. 2945.71 and 2945.73 cannot be used to extend the prescribed statutory time limits. *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104. For example, *Elmwood Place* v. *Denike* (1978), 56 Ohio St. 2d 427, 430, held that a standardized form entry of the court "indicating a crowded docket is alone insufficient to support a *sua sponte* continuance order substantially extending the date of trial beyond the mandatory time limitations of R. C. 2945.71(B)(2)" where the "evidence of record is insufficient to demonstrate the necessity of a continuance for purposes of appellate review." Further, *State* v. *Wentworth* (1978), 54 Ohio St. 2d 171, held that the continuance of a case for trial to a date more than double the statutory time limit for reason of a crowded docket is "facially unreasonable," in the absence of facts and circumstances of record that

demonstrate both the necessity and reasonableness of the continuance.

Where the trial record affirmatively demonstrates the necessity for a continuance and the reasonableness thereof, such a continuance will be upheld. Thus, *State* v. *McRae* (1978), 55 Ohio St. 2d 149, upheld the reasonableness of the court's *sua sponte* extension of an accused's date of trial 30 days beyond the time limitation of R. C. 2945.71 where defense counsel was appointed only two weeks before the trial date was set.

*State* v. *Lee* (1976), 48 Ohio St. 2d 208, held that a *sua sponte* continuance by the trial court to extend the accused's date of trial two days beyond the statutory time limitation because of a "crowded docket & judges conference" was a reasonable extension.

The record here demonstrates that a trial had been set within the 90-day statutory time frame. Unfortunately, and, through inadvertence only, the date chosen for trial was a legal holiday. The court building was, therefore, closed; the trial could not be held on that date. A continuance to the next available trial date nine days beyond the statutory time limit was not facially unreasonable. In our judgment, the reasonableness of the extension cannot be seriously questioned, and the accused has not offered any proof that it is unreasonable.

The following language in *State* v. *Lee, supra,* at page 210, is pertinent here:

"We perceive this continuance as being precisely what was contemplated by the General Assembly when it enacted R. C. 2945.72. ***[The accused has] not successfully rebutted that the continuance was reasonable in both purpose and length, so as to warrant an extension pursuant to R. C. 2945.72(H)."

The remaining issue was resolved by this court in *Aurora* v. *Kepley* (1979), 60 Ohio St. 2d 73. That case held that the results of breathalyzer tests administered by one holding an operator's permit are admissible under Ohio Adm. Code 3701-53-07(C) even though a senior operator is not physically present when the test is administered.

110

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, VICTOR, SWEENEY, LOCHER and HOLMES, JJ., concur.

VICTOR, J., of the Ninth Appellate District, sitting for P. BROWN, J.