OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. King, Appellee.
[Cite as State v. King (1994),     Ohio St.3d     .]
Criminal law -- Requirement for effective waiver of
    constitutional and statutory rights to speedy trial.
To be effective, an accused's waiver of his or her
    constitutional and statutory rights to a speedy trial must
    be expressed in writing or made in open court on the
    record. (State v. O'Brien [1987], 34 Ohio St.3d 7, 516
    N.E.2d 218, applied and followed; State v. Mincy [1982], 2
    Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571, followed.)
    (No. 93-1290 -- Submitted April 26, 1994 -- Decided August
31, 1994.)
    Certified by the Court of Appeals for Stark County, No.
CA-9131.
    On February 25, 1992, plaintiff-appellant, the state of
Ohio, charged defendant-appellee, Mary Ann King, with a
violation of R.C. 2917.21 for telephone harassment, a first
degree misdemeanor. At her arraignment on March 10, 1992,
defendant pled not guilty and filed a demand for a jury trial.
The trial court set the trial date for May 21, 1992.
    Defendant's counsel contacted the prosecutor on May 11,
1992, seeking the prosecutor's approval for a motion to
continue because defendant was having difficulty complying with
a request for discovery. The record indicates that the
prosecutor agreed to the motion, although there is some dispute
as to whether he conditioned his approval on the defendant's
agreement to sign a waiver to a speedy trial. Consequently, on
May 18, 1992, defendant filed a motion for a continuance.
    Some time after this exchange, defendant's counsel
contacted the court to relay the prosecutor's agreement and
eventually reached Vivian Miller, the trial judge's secretary.
Miller informed counsel that before granting a continuance the
judge's policy first was to obtain a time waiver. Again,
however, the testimony reflects a disagreement regarding the
substance of that conversation. Miller testified that
defendant's counsel orally agreed to forward a signed time
waiver to the court. In fact, Miller wrote and initialled a
note on the case jacket, indicating counsel "will send time

waiver." Counsel, however, insists that he made no such agreement. In any event, the trial court granted the motion to continue on May 20, 1992 and set the new trial date for July 6, 1992.

Thereafter, apparently operating under the assumption that defendant had waived her right to a speedy trial, Miller notified the parties on or about July 7, 1992 that the court had rescheduled the trial for August 31, 1992. Shortly before then, on August 20, 1992, defendant filed a motion to dismiss for failure to comply with the speedy trial provisions of R.C. 2945.71 and 2945.73, and of the United States and Ohio Constitutions. The court, however, overruled the motion, finding that defendant waived her right to a speedy trial by her attorney's oral representations, and that the court reasonably relied upon the waiver in continuing the trial date from July 6, 1992 to August 31, 1992.

Defendant subsequently pled no contest and was convicted of telephone harassment. She was sentenced to sixty days' incarceration with all days suspended and fined five-hundred dollars.

On appeal, the court of appeals vacated defendant's conviction and sentence, ruling that a waiver of her right to a speedy trial does not appear in the trial judge's journal and that, therefore, the trial court erred in finding the oral waiver effective. The appeals court also found that the trial court erred in not granting defendant's motion to dismiss because the continuance was not journalized in accordance with the holding in State v. Mincy (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571.

The court of appeals, finding its decision on the issue of a defendant's oral waiver of speedy trial rights to be in conflict with the decision of the Court of Appeals for Hancock County in State v. Hanes (June 27, 1991), Nos. 5-90-41 and 5-90-42, unreported, certified the record of the case to this court for review and final determination.

John A. Poulos, Canton City Prosecutor, and Francis G. Forchione, First Assistant City Prosecutor, for appellant.
Augustin F. O'Neil, for appellee.

Wright, J. The principal query before us is whether a defendant's oral waiver of speedy trial rights, which does not appear on the record, is effective. In the absence of such a waiver we also consider whether a trial court may sua sponte continue a defendant's trial beyond the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial, without a journal entry explaining the reasons for the continuance. For the reasons that follow, we hold that a defendant's waiver of his or her right to a speedy trial must either be written or made on the record in open court. We also reaffirm our holding in Mincy, supra, that any sua sponte continuance must be reasonable, and must be accompanied by a journal entry which is made prior to the expiration of the statutory time limit and explains the reasons for the continuance.

It is well-settled law that an accused may waive his constitutional right to a speedy trial provided that such a

waiver is knowingly and voluntarily made. Barker v. Wingo (1972), 407 U.S. 514, 529, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101, 116. Consistent with this principle, this court has found the statutory speedy trial provisions set forth in R.C. 2945.71 to be coextensive with constitutional speedy trial provisions. State v. O'Brien (1987), 34 Ohio St.3d 7, 516 N.E.2d 218. Thus, we have held that an accused's express written waiver of his statutory rights to a speedy trial, made knowingly and voluntarily, also constitutes a waiver of his speedy trial rights guaranteed by the United States and Ohio Constitutions. O'Brien, supra, paragraph one of the syllabus. Furthermore, this court has held that, for purposes of trial preparation, a defendant's statutory right to a speedy trial may be waived, with or without the defendant's consent, by the defendant's counsel. State v. McBreen (1978), 54 Ohio St.2d 315, 8 O.O.3d 302, 376 N.E.2d 593, syllabus.

Our leading case considering the effect of waiving a defendant's right to a speedy trial is O'Brien, supra. In O'Brien, the defendant was charged with driving under the influence and signed an express written waiver of his statutory right to a speedy trial set forth in R.C. 2945.71. After the court continued defendant's trial on its own and the state's motions, defendant, who had not previously formally objected to the continuances, moved to dismiss his case alleging he had been deprived of his constitutional right to a speedy trial. In holding that the statutory speedy trial provisions of R.C. 2945.71 and the constitutional guarantees found in the Ohio and United States Constitutions are coextensive, the court expressed that a "trial court may reasonably rely upon the written waiver of speedy trial as filed within the case." (Emphasis added.) O'Brien at 10, 516 N.E.2d at 221.

From the court's decision in O'Brien we can infer that a court's reliance on an unjournalized oral waiver, alleged or actual, is not effective. In fact, the cases in which we have considered and upheld the validity of a waiver of a defendant's right to a speedy trial involve circumstances in which the accused either expressly waived his or her right in writing or waived it in open court on the record. See State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658 (guilty plea waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds); State v. Adams (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025 (written waiver of speedy trial rights as to an initial charge not applicable to subsequent applicable charges arising from the same circumstances); O'Brien, supra (express written waiver, if voluntarily and knowingly made, may also constitute waiver of state and federal constitutional speedy trial rights); Montpelier v. Greeno (1986), 25 Ohio St.3d 170, 25 OBR 212, 495 N.E.2d 581 (guilty plea waives defendant's right to a speedy trial); State v. Bauer (1980), 61 Ohio St. 2d 83, 15 O.O.3d 122, 399 N.E.2d 555 (record discloses that defendant failed to appear for trial and thus waives his right to a speedy trial for the period of initial arrest to rearrest); Westlake v. Cougill (1978), 56 Ohio St.2d 230, 10 O.O.3d 382, 383 N.E.2d 599 (defendant effectively waived in writing his right to a speedy trial); and State v. McBreen, supra (defendant's counsel signed two "Waiver of Time Provisions" forms).

It is disputed whether appellee's trial counsel orally waived appellee's right to a speedy trial. Be that as it may, aside from the opposing allegations, we are unable to determine the existance in the record of any conclusive evidence regarding waiver. We find the lack of any definitive evidence of waiver of appellee's speedy trial right critical. The conclusion that we draw from O'Brien, and which is suggested by the other cases cited above, is that a waiver of speedy trial rights must be expressly written or in some form that can be conclusively determined from the record. We see no reason to depart from our previous case law. Therefore, we hold that, to be effective, an accused's waiver of his or her constitutional and statutory right to a speedy trial must be expressed in writing or made in open court on the record.

Applying this standard to the instant case, we find that appellee did not waive her statutory or constitutional rights to a speedy trial. A close review of the record reveals that neither appellee nor her trial counsel made an express written waiver or waived her rights to speedy trial in open court on the record. Therefore, we must affirm the holding of the court of appeals which ruled that the trial court erred in finding the appellee's alleged oral waiver effective.

But finding the alleged oral waiver to be ineffective does not answer the question of whether the court violated respondent's right to a speedy trial when it sua sponte continued appellee's trial date beyond the time limit set forth in R.C. 2945.71. Pursuant to R.C. 2945.72(H) a court may grant a continuance upon its own initiative as long as it is reasonable. This provision has been interpreted to permit courts to sua sponte continue an accused's trial beyond the time limit prescribed by R.C. 2945.71, but only when reasonable and only when the continuances are made by journal entry prior to the expiration of the time limit. See State v. Lee (1976), 48 Ohio St.2d 208, 2 O.O.3d 392, 357 N.E.2d 1095, and Aurora v. Patrick (1980), 61 Ohio St.2d 107, 15 O.O.3d 150, 399 N.E.2d 1220.

We embraced this construction in our decision in State v. Mincy (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571. In Mincy, the trial court scheduled the defendant's trial for the eighty-seventh day after he had been charged, three days before the expiration of the statutory time within which a criminal defendant must be brought to trial. On the trial date, the court sua sponte continued the trial and did not record an entry on its journal explaining the reason for the continuance until after the statutory time period had expired. Conceding that "the time limit provisions of R.C. 2945.71 are flexible to a degree," id. at 7, 2 OBR at 283, 441 N.E.2d at 572, the court nevertheless held that "[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." Id. at syllabus.

In the case under consideration, it was incumbent upon the prosecutor to bring appellee to trial within ninety days of her being served. The trial court originally scheduled the trial for May 21, 1992, eighty-six days after she had been served.

The trial court's grant of the first motion to continue tolled the speedy trial provisions until the new trial date on July 6, 1992. However, the trial court then sua sponte continued the trial pursuant to R.C. 2945.72(H) from July 6, 1992 to August 31, 1992, without a time waiver and without recording a judgment entry explaining the reasons for continuing the trial beyond the expiration of the ninety-day period. Indeed, the new trial date appears only as a notice sent to the parties by the trial judge's secretary.

It is axiomatic that "[i]n Ohio a court speaks through its journal." State ex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183, 184. At a minimum, the trial court was required to enter the order of continuance and the reason therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial. Because this was not done, the trial court erred in overruling appellee's motion to dismiss.

Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.