OPINION
Defendant Carl W. Bevard appeals a judgment of the Municipal Court of Licking County, Ohio, which convicted and sentenced him for telephone harassment in violation R.C. 2917.21. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO GRANT APPELLANT'S MOTION FOR SPEEDY TRIAL BASED ON OHIO REVISED CODE 2945.71.
The record indicates appellant was charged with violating R.C. 2917.21 on January 30, 1997. Appellant pled not guilty and demanded a trial by jury. The court set the matter for trial on March 20, 1997. Appellant subpoenaed witnesses and appeared on March 20, but the court continued the case to April 21, 1997. The continuance entered on March 26, 1997 stated the reason for the continuance was that another older case was called to trial in appellant's place. On April 28, 1997, the court continued the jury trial which had been set for April 21, 1997, for the reason that another, older case had been set for trial. The court's judgment found the period of continuance was reasonable in all respects. The matter was re-set for May 19, 1997, 104 days after appellant originally entered his not guilty plea. On May 19, 1997, appellant appeared for trial, and the court once again continued the matter to June 26, stating as its reason that another older case went to trial. The court found this period of continuance was reasonable. This entry was filed on May 27, 1997.
On June 3, 1997, appellant moved to dismiss, notifying the court that he and the witnesses had appeared for trial three times, and it was a hardship for the witnesses to take time off from work. Appellant alleged the court's most recent continuance was unreasonable and outside the bounds of R.C. 2945.71 and R.C. 2945.72. The trial court overruled the motion for dismissal, and appellant withdrew his jury demand and asked the court to set the case for trial to the bench.
Appellant was tried on July 15, 1997, found guilty, and fined $75.00, with no jail time imposed.
The State concedes the foregoing recitation, and urges the continuance was reasonable in all respects and necessary because of the court's oppressively crowded docket. The State also concedes that 161 days passed between the plea and the trial, and the parties appeared on four separate occasions.
R.C. 2945.72 provides that the time within which an accused must be brought to trial may be extended in the period of a continuance granted upon the accused on the motion, or on a period of a reasonable continuance granted other than on the motion by the accused. The State concedes appellant made no motions requiring any continuance, and no delay is chargeable to him.
In State v. Mincy (1982), 2 Ohio St.3d 6, the Supreme Court held the trial court, when sua sponte granting a continuance, must journalize the entry prior to the expiration of time limits prescribed in R.C. 2945.71 for bringing a defendant to trial. Extensions of time are to be strictly construed against the State, see State v. Pachay (1980), 64 Ohio St.2d 218. A court should not engage in practices which undercut the accused's right to speedy trial, see Aurora v. Patrick (1880), 61 Ohio St.2d 107. As appellant argues, the court had 90 days within which to try him. If calculated from the entry of the not guilty plea on February 4, 1997, the court had to enter its judgment on or before May 5, 1997, in order to comply with the Revised Code and the dictates of Mincy, supra.
While we sympathize with the courts who must struggle with the overwhelming docket, nevertheless, this court must find pursuant to the Supreme Court mandate that the trial court failed to abide by appellant's right to a speedy trial.
The assignment of error is sustained.
For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is reversed, and pursuant to App. R. 12, final judgment of acquittal is hereby entered.
By Gwin, P.J., Reader, J., and Wise, J., concur
 JUDGMENT ENTRY
CASE NO. 97CA105
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio, is reversed, and pursuant to App. R. 12, we hereby enter final judgment of acquittal. Costs to the State.