DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Alan Gregrich appeals the judgment of the trial court denying his motion to dismiss the criminal charges against him pursuant to R.C. 2945.71. Defendant argues that the trial court failed to state a reason for resetting the trial outside the speedy trial time following the State's motion for a continuance.
On December 11, 1997, defendant was charged with a violation of R.C. 4507.02, a first degree misdemeanor, and a violation of R.C. 4513.26(3), a minor misdemeanor. He entered a plea of not guilty on December 19, 1997 before the trial court, and the matter was set for trial for February 18, 1998. At his arraignment, defendant did not waive his right to a speedy trial. The State then moved the trial court for a continuance on January 28, 1998 because the arresting officer was unavailable on the scheduled trial date. On January 29, 1998, the trial court granted the continuance based upon the unavailability of the State's witness. However, the State's witness was available to testify prior to the running of defendant's speedy trial time. Nonetheless, the trial court rescheduled the trial beyond the ninety day speedy trial time limit on March 27, 1998.
On the date of trial, defendant moved the trial court to dismiss the charges because he had not been brought to trial within the time proscribed by R.C. 2945.71(B)(2). The trial court denied the motion and defendant then entered a plea of no contest to the charges and was sentenced accordingly. Defendant now appeals the trial court's denial of his motion to dismiss.
Assignment of Error
 The trial court committed prejudicial error when it failed to grant the defendant's motion to dismiss when he was brought to trial beyond the time allowed by the speedy trial statute. O.R.C.[ sic] 2945.71 et seq.
 Defendant avers that the trial court erred by denying his motion to suppress because it failed to state its reason for resetting the trial outside the speedy trial time when it granted the State's motion for a continuance. This assertion is without merit.
When reviewing whether a defendant's constitutional and statutory right to a speedy trial was violated, this court must apply the de novo standard to questions of law and the clearly erroneous standard to questions of fact. State v. Auterbridge
(Feb. 25, 1998), Lorain App. No. 97CA006702, unreported at 3. See, also, United States v. Smith (C.A. 6, 1996), 94 F.3d 204, 208, certiorari denied (1997), 519 U.S. 1133, 136 L.Ed.2d 877. TheSixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy public trial. State v.Ladd (1978), 56 Ohio St.2d 197, 200. The Ohio State Legislature enacted R.C. 2945.71 to insure these constitutional safeguards are properly protected. Thus, the language of R.C. 2945.71 must be strictly construed against the State. State v. Pachay (1980),64 Ohio St.2d 218, syllabus. As such, speedy trial time begins to run the day after the date of arrest, or service of summons.State v. Steiner (1991), 71 Ohio App.3d 249, 250-51.
Nonetheless, the time limit provisions in R.C. 2945.71 are flexible to a degree. State v. Mincy (1982), 2 Ohio St.3d 6, 7-8. See, also, Aurora v. Patrick (1980), 61 Ohio St.2d 107; State v.Lee (1976), 48 Ohio St.2d 208. In determining whether a trial court properly continued a criminal case beyond the speedy trial time limit, reasonableness is the touchstone. See R.C.2945.72(H). In State v. McRae (1978), 55 Ohio St.2d 149, 153, the Ohio Supreme court held that if the record affirmatively demonstrates the necessity and reasonableness of the continuance, the continuance extends the time limit under R.C. 2945.71 and does not deny the accused the right to a speedy trial. It is well settled that the unavailability of a key prosecution witness is a reasonable ground for granting a continuance pursuant to R.C.2945.72(H). State v. Saffell (1988), 35 Ohio St.3d 90, 91; Statev. Vaughn (July 26, 1989), Summit App. No. 13813, unreported at 4-5. However, when granting a continuance, R.C. 2945.72(H) requires the trial court to enter the order of continuance, and the reasons therefore, by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial. Mincy, supra, at syllabus.
 In the instant case, the State moved the trial court for a continuance, prior to the running of the speedy trial time, based upon the unavailability of the arresting officer. In a journal entry dated January 29, 1998, the trial court granted the State's motion based upon the unavailability of the witness. As such, the basis of the continuance was reasonable and it was entered upon the trial court's journal well before the expiration of the speedy trial time.
 However, Defendant contends that because the officer was available to testify prior to the expiration of the speedy trial time, and, therefore, the trial court could have reset the trial within the speedy trial time limit, it was incumbent upon the trial court to state upon its January 29, 1998 journal entry a basis for rescheduling the case outside the ninety day time limit. However, this proposition would impose an obligation upon the trial court not required by R.C. 2945.72(H); that section requires only that the continuance be reasonable, and it does not require that the continuance conclude within the time limit. Accordingly, this Court concludes that the record demonstrates the necessity and reasonableness of the continuance, and the trial court properly entered the continuance, and the basis thereof, prior to expiration of the ninety day time limit proscribed by R.C. 2945.71(B)(2). Therefore, the speedy trial time limit set forth by R.C. 2945.71(B)(2) was extended, and defendant's speedy trial rights were not violated. The trial court properly denied defendant's motion to dismiss, and, as such, defendant's assignment of error is overruled.
Defendant's assignment of error is overruled, and the judgment of the Orville Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Wayne, Wayne County Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file-stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to the Appellant.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT
SLABY, J.
CARR, J. CONCUR