OPINION
Appellant Adam Mellor appeals his speeding conviction in the Licking County municipal Court. The procedural facts in this matter are not in dispute. The state charged appellant with driving westbound on Interstate 70 at a speed of eighty miles per hour in a sixty-five miles per hour zone, in violation of R.C.4511.21. The responding trooper served the traffic citation on appellant on June 23, 1999, the day of the offense. The citation further indicated that the method of observation of speed was from the air. Appellant appeared as per his summons on June 30, 1999, and entered a plea of not guilty. On July 6, 1999, the trial court filed a notice of trial for July 21, 1999. However, on July 19, 1999, the state filed a motion to continue, asserting that Sergeant Stein on the Ohio Highway Patrol, the pilot of the observation aircraft, was an essential witness to the case, and would be unavailable for trial due to his vacation from July 18, 1998, through July 25, 1999. Appellant did not file a motion in opposition. On July 22, 1999, the court granted the state's motion, finding that the request was reasonable pursuant to R.C.2945.72(H). The trial was reset to August 12, 1999. On that date, appellant, proceeding pro se, did not testify or present evidence, but entered an oral motion to dismiss for violation of his speedy trial rights. The court overruled said motion and pronounced appellant guilty of speeding. Appellant timely appealed and herein raises the following sole Assignment of Error:
 THE TRIAL COURT ERRED TO PREJUDICE ON DEFENDANT-APPELLANT IN DENYING DEFENDANT-APPELLANT'S MOTION TO DISMISS UNDER O.R.C. SEC[.] 2945.73(B) FOR THE FAILURE OF THE STATE TO BRING HIM TO TRIAL WITHIN THE TIME STATED IN O.R.C. 2945.71
The appellant argues that the trial court erred in failing to dismiss the case upon his speedy trial motion. We disagree. The Supreme Court of Ohio has directed that where the record on appeal "* * * affirmatively demonstrates the necessity for a continuance and the reasonableness thereof, such a continuance will be upheld." City of Aurora v. Patrick (1980), 61 Ohio St.2d 107, 109. Appellant does not question the verity of the sergeant's vacation period, but argues that the eighteen-day lapse following his return from vacation amounted to an unreasonable delay. The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record. State v. Lee (1976), 48 Ohio St.2d 208, 210. "In cases such as these, it is difficult, if not unwise, to establish a per se rule of what constitutes `reasonableness' beyond the [statutory] * * * stricture of R.C. 2945.71. Invariably, resolution of such a question depends on the peculiar facts and circumstances of a particular case." State v. Saffell (1988), 35 Ohio St.3d 90, 92. In Patrick, supra, the trial court had mistakenly set a trial on Martin Luther King Day, necessitating a continuance. The Court noted: Unfortunately, and, through inadvertence only, the date chosen for trial was a legal holiday. The court building was, therefore, closed; the trial could not be held on that date. A continuance to the next available trial date nine days beyond the statutory time limit was not facially unreasonable. In our judgment, the reasonableness of the extension cannot be seriously questioned, and the accused has not offered any proof that it is unreasonable. Id. at 109.
Beyond bare assertion, the appellant in the case sub judice likewise has not provided us with evidence that the extension was unreasonable within the day-to-day setting of the municipal court below. Absent this, we are unwilling to hold that the eighteen days following the unavailability of the witness was an unreasonable period as a matter of law. Finally, there is no dispute under these facts that the trial court filed its grant of the state's request for continuance prior to the expiration of the original thirty-day time limit under R.C. 2945.71(A). See, e.g. State v. Hersman (Nov. 13, 1998), Licking App. No. 98 CA 59, unreported, at 3. We hold that the trial court did not err to the prejudice of appellant in denying his motion to dismiss under R.C.2945.73(B). Appellant's Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Licking County Municipal Court, Licking County, Ohio, is hereby affirmed.
 ________ Wise, J.
HOFFMAN, P.J. and FARMER, J. CONCUR.