JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Willis Stallings ("defendant") appeals the judgment of the trial court which denied his pro se motion to dismiss based upon speedy trial rights. For the reasons set forth below, we affirm.
 {¶ 2} Defendant was indicted on one count of receiving stolen property in violation of R.C. 2913.51, one count of theft in violation of R.C.2913.02, two counts of breaking and entering in violation of R.C. 2911.13, one count of vandalism in violation of R.C. 2909.25, one count of felonious assault with a peace officer in violation of R.C. 29.0311, with a repeat violent offender specification and a notice of a prior conviction. Defendant pled not guilty to the indictment and the matter proceeded to a jury trial. Prior to trial, defendant filed a pro se motion to dismiss the case based on a speedy trial rights, which the trial court denied at the start of trial. During trial, defendant retracted his plea of not guilty and entered a guilty plea to receiving stolen property, breaking and entering, vandalism and felonious assault. The remaining counts were dismissed.
 {¶ 3} Defendant now appeals the denial of his motion to dismiss in this sole assignment of error:
 {¶ 4} "I. The trial court erred and denied the appellant due process of law by failing to properly rule on his motion to dismiss based on violations of his right to a speedy trial."
 {¶ 5} Defendant maintains the trial court erred in denying his motion to dismiss based on speedy trial rights and by failing to state its essential findings on the record. However, during trial defendant retracted his plea of not guilty and entered a guilty plea. The Ohio Supreme Court has held that guilty plea waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds. SeeState v. King, 70 Ohio St.3d 158, 1994-Ohio-412 citing State v. Kelley
(1991), 57 Ohio St.3d 127, paragraph one of the syllabus. We therefore find no merit to defendant's sole assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J., Concurs.
 Blackmon, A.J., Concurs in judgment only.