OPINION
{¶ 1} Defendant-appellant, Doug Baker, appeals his conviction and sentence in the Fayette County Court of Common Pleas for possession of crack cocaine in violation of R.C. 2925.11, a felony of the third degree, following his no contest plea to that charge.
 {¶ 2} On March 14, 2003, appellant was arrested at his residence at 228 North Bend Court in Washington Court House in Fayette County, Ohio. He was subsequently indicted on one count of possession of crack cocaine in violation of R.C.2925.11(A)(1), a felony of the second degree.
 {¶ 3} On June 6, 2003, appellant moved to suppress any evidence seized from him at the time of his arrest. After holding a hearing on the matter, the trial court overruled appellant's suppression motion on July 29, 2003.
 {¶ 4} Appellant's trial was originally scheduled to take place on September 30, 2003. However, on the day before the trial was to take place, the trial court sua sponte continued the trial until January 22, 2004. Later, at the state's request, the trial court moved the trial date back to January 14, 2004, in order to protect appellant's speedy trial rights.
 {¶ 5} On January 13, 2004, appellant moved to continue the January 14, 2004 trial date. The trial court granted this motion and continued the trial until March 17, 2004.
 {¶ 6} On February 25, 2004, the state requested that the March 17, 2004 trial date be continued due to the unavailability of a witness, Michelle Anderson, whom the state described as "a key witness for the State and the Defense."[1] On February 27, 2004, the trial court granted the state's motion to continue the March 17, 2004 trial date "for good cause," without holding an evidentiary hearing. The trial was continued until May 14, 2004.
 {¶ 7} On May 3, 2004, the state requested a continuance of the May 14, 2004 trial date, again, due to the unavailability of Michelle Anderson. The state represented that "Michelle Anderson's testimony is necessary in order for the state to proceed with the prosecution of this matter."
 {¶ 8} On May 7, 2004, appellant moved to have the trial court reconsider its denial of his motion to suppress. On May 20, 2004, the state filed a motion in response, asking the trial court to deny appellant's motion to reconsider.
 {¶ 9} On May 20, 2004, the trial court filed a journal entry granting the state's motion to continue the May 14, 2004 trial date after finding the state's motion to be "well made," without holding an evidentiary hearing. The trial court continued the trial until August 19, 2004.
 {¶ 10} On August 11, 2004, the state moved to have the August 19, 2004 trial date continued due to the unavailability of two of its witnesses: Detective Larry Walker and Detective Doug Coe. In its motion, the state represented that the detectives' testimony "is necessary in order for the State to proceed with the prosecution of this matter"; that "Defense counsel has been consulted about such continuance and is not opposed"; and that "speedy trial time is currently tolling against [appellant] due to [appellant's] Motion to Reconsider filed on May 7, 2004. On August 20, 2004, the trial court granted the state's motion to continue the August 19, 2004 trial date after, again, finding the motion to be "well made," without holding an evidentiary hearing. The trial was continued until September 17, 2004.
 {¶ 11} On September 17, 2004, the trial court held a hearing at which time it was expected that appellant would enter a guilty plea to one count of possession of crack cocaine, a felony of the third degree. However, at the hearing, appellant informed the trial court that he had decided that he wanted to plead "no contest" rather than "guilty" to the charge. As a result, the trial court found that the parties had not reached an agreement. The trial court re-scheduled the matter for trial on November 3, 2004.
 {¶ 12} On September 29, 2004, the state requested that the November 3, 2004 trial date be continued due to the unavailability of Detective Walker, who was going to be on vacation on that date. On November 4, 2004, the trial court granted the state's motion to continue the November 3, 2004 trial date after, again, finding the state's motion to be "well made," without holding an evidentiary hearing. The trial was rescheduled for March 24, 2005.
 {¶ 13} On December 27, 2004, appellant filed a motion to dismiss based on grounds that his statutory right to a speedy trial had been violated. On January 6, 2004, the state moved to have the trial court dismiss appellant's motion to dismiss.
 {¶ 14} On January 13, 2005, the trial court denied appellant's motion to dismiss on speedy trial grounds, based on the reasons set forth by the state in its motion. On that same day, the trial court overruled appellant's May 7, 2004 motion to reconsider in a single-sentence journal entry.
 {¶ 15} On March 24, 2005, appellant entered a no contest plea to one count of possession of crack cocaine, a felony of the third degree. The trial court found appellant guilty of that offense and sentenced him accordingly.
 {¶ 16} Appellant now appeals and assigns the following as error:
 {¶ 17} Assignment of Error No. 1:
 {¶ 18} "THE TRIAL COURT ERRED IN DENYING MR. BAKER'S MOTION TO DISMISS BASED ON VIOLATIONS OF MR. BAKER'S STATUTORY RIGHT TO A SPEEDY TRIAL."
 {¶ 19} Appellant argues that the trial court erred in overruling his motion to dismiss based on a violation of his statutory right to a speedy trial. We agree with this argument.
 {¶ 20} "The right to a speedy trial is guaranteed to all state criminal defendants by the Sixth and Fourteenth Amendments to the United States Constitution * * * and by Section 10, Article I of the Ohio Constitution." State v. Riley,162 Ohio App.3d 730, 735, 2005-Ohio-4337. The Ohio General Assembly enacted the provisions in R.C. 2945.71 et seq. in an effort to prescribe "reasonable speedy trial periods consistent with these constitutional provisions." Riley at 735, quoting State v.O'Brien (1987), 34 Ohio St.3d 7, 8. "The speedy-trial provisions constitute a rational effort to enforce the constitutional right to a speedy trial and must be strictly enforced by the courts."Riley at 735, citing State v. Pachay (1980),64 Ohio St.2d 218, syllabus.
 {¶ 21} R.C. 2945.71(C)(2) states that a defendant charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." The day of arrest is not included when computing this time limit. State v. Steiner
(1991), 71 Ohio App.3d 249, 250, citing R.C. 1.14 and Crim.R. 45(A). The time to bring a defendant to trial can be extended for any of the reasons enumerated in R.C. 2945.72, including "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused," R.C. 2945.72(E), and "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(H). R.C. 2945.73(B) provides that a person charged with an offense shall be discharged, upon his motion made at or prior to the commencement of trial, if he is not brought to trial within the time required by R.C. 2945.71 and 2945.72.
 {¶ 22} "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." Riley,162 Ohio App.3d at 735, citing State v. DePue (1994),96 Ohio App.3d 513, 516. An appellate court's review involves a mixed question of law and fact: the appellate court defers to the trial court's findings of fact so long as the findings are supported by competent, credible evidence, but the appellate court independently reviews whether the trial court properly applied the law to those facts. Riley, citing State v. High (2001),143 Ohio App.3d 232, 242.
 {¶ 23} In this case, appellant was arrested on March 14, 2003, and charged with a felony of the second degree. He later pled no contest to a felony of the third degree. Pursuant to R.C.2945.71(C)(2), appellant had to be brought to trial within 270 days of the date of his arrest. Thus, appellant was initially required to be brought to trial no later than December 9, 2003.
 {¶ 24} On June 4, 2003, appellant filed a motion to suppress any evidence gathered from him. The trial court denied this motion in a journal entry filed on July 29, 2003. We conclude that the period of time it took for the trial court to rule on appellant's motion to suppress was chargeable against appellant for speedy trial purposes.
 {¶ 25} R.C. 2945.72(E) provides that the time within which an accused must be brought to trial may be extended by "[a]ny period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused[.]" The Rules of Superintendence for the Courts of Ohio provide that motions shall be ruled upon within 120 days from the date the motion is filed. Sup.R. 40(A)(3). "[T]he applicable time period begins to run on the day the motion is filed or made." July 1, 1997 Commentary to Sup.R. 40(A). While the 120-day time limit is only a "rule of thumb" or guideline, it still serves as a useful "indication of what amount of time would be appropriate in the usual case." State v.Arrizola (1992), 79 Ohio App.3d 72, 76. Normally, the time spent by a trial court in determining the issues raised in a defendant's motion does not count against the time limit for bringing the defendant to trial, so long as the time spent is not excessive and unjustified by the record. Id.
 {¶ 26} In this case, the 56 days it took for the trial court to rule on appellant's motion to suppress was within the 120 days prescribed by Sup.R. 40(A)(3). The time the trial court spent ruling on the motion was not unreasonable or unjustified by the record. Cf. Arrizola, 79 Ohio App.3d at 76. Therefore, this period was chargeable to appellant. Hence, the speedy trial time limit was extended by 56 days, from December 9, 2003 to February 3, 2004.
 {¶ 27} The state asserts that the speedy trial time limit was further extended by the trial court's sua sponte continuance of the trial from September 30, 2003 to January 22, 2004, with the trial date later being moved back to January 14, 2004, at the state's request, due to speedy trial concerns. The state argues that the trial court's sua sponte continuance of the trial "constitutes a tolling event under [R.C.] 2945.72(H)" because it was "filed within the speedy trial time [and] was reasonable[.]" We disagree with this argument.
 {¶ 28} The Ohio Supreme Court has stated that "`[w]hen suasponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasonstherefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71.'" (Emphasis added.) State v.King, 70 Ohio St.3d 158, 162, 1994-Ohio-412, quoting State v.Mincy (1982), 2 Ohio St.3d 6, syllabus. The court has also stated,
 {¶ 29} "The record of the trial court must in some manner affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose. Mere entries by the trial court will ordinarily not suffice, except when the reasonableness of the continuance cannot be seriously questioned. Although this burden is contrary to the presumption of regularity generally accorded to trial proceedings, it appears necessary to carry out the purpose of the speedy trial statutes."State v. Lee (1976), 48 Ohio St.2d 208, 209. When these requirements are not met, any continuance granted must be charged against the state. See King, 70 Ohio St.3d at 162-163, andMincy, 2 Ohio St.3d at 8-9.
 {¶ 30} In this case, the trial court entered the order continuing the trial from September 30, 2003 to January 22, 2004 (later moved back to January 14, 2004) by journal entry prior to the expiration of the speedy trial time limit prescribed in R.C.2945.71. However, the trial court failed to explain its reasons for sua sponte continuing the trial, and the reasons are not apparent from the record. Under these circumstances, the trial court's sua sponte continuance of the trial from September 30, 2003 to January 14, 2004 was chargeable against the state and not appellant. Consequently, as of January 14, 2004, the speedy trial time limit remained at February 3, 2004.
 {¶ 31} On January 13, 2004, appellant moved for a continuance of the January 14, 2004 trial date. The trial court granted this motion and continued the trial date until March 17, 2004. Because this continuance was granted upon appellant's motion, it was chargeable to appellant pursuant to R.C. 2945.72(H). This continuance tolled the speedy trial time limit by 63 days. Thus, the speedy trial time limit was extended from February 3, 2004 to April 6, 2004.
 {¶ 32} No trial was held in this matter by April 6, 2004, because on February 27, 2004, the trial court, at the state's request, continued the March 17, 2004 trial date to May 14, 2004, due to the absence of a witness, Michelle Anderson. By ordering the trial continued for this length of time, the trial court continued the matter beyond the speedy trial date of April 6, 2004. The trial court's decision to do so was reasonable in this particular instance.
 {¶ 33} It is permissible for a trial court to grant the state a continuance of a trial date beyond the statutory speedy trial time limit if the continuance is reasonable and necessary under the circumstances. State v. Saffell (1988), 35 Ohio St.3d 90,91; Aurora v. Patrick (1980), 61 Ohio St.2d 107, 109. In these circumstances, the concept of "reasonable" must be strictly construed against the state. State v. Stamps (1998),127 Ohio App.3d 219, 224. If the continuance is not reasonable, the continuance must be charged against the state for speedy trial purposes. Id. "To evidence reasonableness, [a continuance] must be supported by an explanation." Id. "[A] trial court must journalize the continuance before the expiration of the time limit set forth in R.C. 2945.71 and must state the reason for the continuance." Id.
 {¶ 34} It has been held that when the trial court makes a proper journal entry within the time allowed for trial by the statutory speedy trial limits, those limits are extended by the period of a reasonable continuance granted to the state because of the temporary absence of a critical witness. State v. Smith
(1981), 3 Ohio App.3d 115, 117
 {¶ 35} In this case, the trial court made a proper journal entry prior to the expiration of the April 6, 2004 speedy trial time limit to continue the March 17, 2004 trial date to May 14, 2004. Although the state did not offer an explanation as to why its witness, Michelle Anderson, would be unable to attend the March 17, 2004 trial, this was the first continuance sought by the state. The continuance was based upon the unavailability of a key witness. Furthermore, appellant had already requested and received a continuance of his own. Consequently, we consider the trial court's decision to continue this matter past the April 6, 2004 speedy trial date, from March 17, 2004 to May 14, 2004, to have been reasonable and necessary under the circumstances.Saffell, 35 Ohio St.3d at 91; Smith, 3 Ohio App.3d at 117. As a result of this continuance, the speedy trial time limit was extended from April 6, 2004 to May 14, 2004.
 {¶ 36} The May 14, 2004 speedy trial time limit was later extended for an undefined period of time by appellant's motion requesting the trial court to reconsider its denial of his motion to suppress. Appellant filed his motion to reconsider on May 7, 2004. The trial court subsequently overruled the motion to reconsider in a one-sentence journal entry on January 13, 2005.
 {¶ 37} The state argues that appellant's motion to reconsider should be deemed to have tolled the speedy trial time limit from the date appellant filed the motion on May 7, 2004, to the date the trial court overruled the motion on January 13, 2005, for a total period of 252 days. We disagree with this argument.
 {¶ 38} As we have previously stated, R.C. 2945.72(E) provides that the time within which an accused must be brought to trial may be extended by "[a]ny period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused[.]" Sup.R. 40(A)(3) provides, as a rule of thumb, that motions shall be ruled upon within 120 days from the date the motion is filed, with the applicable time period beginning to run on the day the motion is filed or made. The time spent by a trial court in determining the issues raised in a defendant's motion normally does not count against the time limit for bringing the defendant to trial, so long as the time spent is not excessive and unjustified by the record. State v. Arrizola,79 Ohio App.3d at 76.
 {¶ 39} "In determining the reasonableness of the time in which a trial court must rule on a motion, careful examination of the particular circumstances of the case must be made. The complexity of the facts and the difficulty of the legal issues to be resolved must be considered. A reviewing court must also be cognizant of the time constraints placed on a trial judge's schedule." Arrizola, 79 Ohio App.3d at 76. However, as theArrizola court also stated:
 {¶ 40} "The Committee Comment to H.B. 511 explains that the reasons for delay identified in R.C. 2945.72 do not unconditionally extend the time limit in which an accused must be brought to trial, but, rather, this limit is `merely extended by the time necessary in light of the reason for delay.' The Supreme Court of Ohio has also indicated that a trial court does not have unbridled discretion concerning the amount of time necessary to rule on a defense motion. State v. Martin (1978),56 Ohio St.2d 289, 297 * * *. `A strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible.' Id." Arrizola,79 Ohio App.3d at 75.
 {¶ 41} In this case, appellant, in his initial motion to suppress, asked the trial court to exclude from evidence "all items of physical evidence removed from [his] person" or taken from "areas under his immediate control" on the grounds that the scope of the search executed by the police officers involved in his arrest "was beyond the express scope of the warrant" they were executing. After holding a hearing, the trial court overruled the motion upon finding that (1) appellant was on probation at the time of the search and was, therefore, subject to such a search; (2) appellant was an occupant of the residence for which there was a valid search warrant, and, therefore, appellant was subject to the search; and (3) appellant consented to the search.
 {¶ 42} In his May 7, 2004 motion to reconsider, appellant argued, among other things, that he had not been previously ordered as a condition of his prior judicial release to consent to warrantless searches of his person. On May 20, 2004, the state responded to appellant's motion to reconsider by essentially asking the trial court to overrule appellant's motion based on the court's previous findings that the search warrant for the residence was valid and that the search of appellant was reasonable. On January 13, 2005, the trial court overruled appellant's motion to reconsider with a one-sentence journal entry.
 {¶ 43} Under the particular facts and circumstances of this case, there is nothing in the record to justify the trial court's taking 252 days to rule on appellant's motion asking the court to reconsider its previous decision overruling appellant's motion to suppress. At best, appellant can only be charged with 120 days as a result of his filing his motion to reconsider, as the record fails to demonstrate that the trial court needed any more time than the 120-day period prescribed in Sup.R. 40 for ruling on that motion. See Arrizola, 79 Ohio App.3d at 76, and Sup.R. 40(A)(3). Consequently, appellant's motion to reconsider only tolled the speedy trial time limit, at a maximum, for 120 days, from May 14, 2004, until September 10, 2004.
 {¶ 44} In the meantime, the state moved for a second continuance of the trial date from May 14, 2004 to August 19, 2004, due to the unavailability of a witness, again, Michelle Anderson. The trial court granted the state's second motion to continue after, again, finding the motion "well made." The state argues that the period of this continuance should be charged against appellant, since the continuance was "reasonable, necessary and filed within the time [appellant] had to be brought to trial." We disagree with this argument.
 {¶ 45} As we have previously stated, "[w]here the trial record affirmatively demonstrates the necessity for a continuance and the reasonableness thereof, such a continuance will be upheld." Saffell, 35 Ohio St.3d at 91; Patrick,61 Ohio St.2d at 109. When a witness fails to appear, a trial court may extend the speedy trial time limit if the prosecutor has used "due diligence" to ensure the witness's attendance. See State v.Adkins (2001), 144 Ohio App.3d 633, 641, citing State v.Reeser (1980), 63 Ohio St.2d 189.
 {¶ 46} Here, there was no evidence presented to show that the prosecutor used due diligence to attempt to secure Anderson's presence, after Anderson's absence had already caused the trial court to continue the previous trial date. Cf. Adkins,144 Ohio App.3d at 641 (record shows that prosecutor used due diligence to attempt to secure presence of a key witness). Furthermore, the state made no effort to explain why Anderson was, again, unavailable to testify. Under these circumstances, the trial court's continuance of the trial date from May 14, 2004 to August 19, 2004, due to the second, straight absence of the same witness cannot be deemed "reasonable" for speedy trial purposes, absent a hearing and a record to support the reasonableness of the request for an additional continuance by the state. Therefore, this continuance must be charged against the state. See Stamps,127 Ohio App.3d at 224. Nevertheless, the speedy trial time limit had already been extended during the period from May 14, 2004 to August 19, 2004, due to the fact that appellant's motion to reconsider was tolling the time limit during this period.
 {¶ 47} No trial was held in this matter on August 19, 2004 because the state had requested and received a third
continuance of the trial until September 17, 2004, this time, due to the unavailability of two of its witnesses, Detective Larry Walker and Detective Doug Coe. This third continuance of the trial continued the matter past the September 10, 2004 speedy trial time limit. As we have indicated, a continuance beyond the statutory speedy trial time limit is permissible so long as the continuance is reasonable and necessary under the circumstance.Saffell, 35 Ohio App.3d at 91. The trial court's decision to grant the state's request for a third continuance of the trial was unreasonable under the circumstances of this case, absent a hearing and a supporting record.
 {¶ 48} When a witness fails to appear, a trial court does not abuse its discretion by extending the trial date beyond a prescribed speedy trial time limit if the prosecutor has used "due diligence" to ensure the witness' attendance. State v.Adkins (2001), 144 Ohio App.3d 633, 641, citing State v.Reeser (1980), 63 Ohio St.2d 189.
 {¶ 49} In this case, the state made no effort to explain why it was unable to procure Detective Walker's and Detective Coe's attendance at trial, or why it was unable to procure the attendance of the witnesses it needed to try its case on three straight occasions. These circumstances provide a strong indication that the state failed to use "due diligence" to secure the attendance of the witnesses it needed to prosecute its case. See Reeser, 63 Ohio St.2d at 191 (finding that where the record reflected that there had been a previous continuance due to the unavailability of a witness and the prosecutor admitted that no proceedings had been attempted to secure the witness' attendance, those circumstances presented a "strong" indication that the prosecutor had not exercised due diligence in preparing to commence the trial within the speedy trial statutory period).
 {¶ 50} As to the state's representation in its motion to continue the August 19, 2004 trial date that the "Defense has been consulted about such continuance and is not opposed[,]" we note that there was nothing in the record to demonstrate that either appellant or his defense counsel ever waived appellant's speedy trial rights.
 {¶ 51} A criminal defendant may waive his constitutional and statutory rights to a speedy trial provided that such a waiver is made knowingly and voluntarily. King, 70 Ohio St.3d at 160. Furthermore, "for purposes of trial preparation, a defendant's statutory right to a speedy trial may be waived, with or without the defendant's consent, by the defendant's counsel." Id., citingState v. McBreen (1978), 54 Ohio St.2d 315. However, "[t]o be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record." King, 70 Ohio St.3d at syllabus, following State v. O'Brien (1987), 34 Ohio St.3d 7, and State v. Mincy (1982), 2 Ohio St.3d 6.
 {¶ 52} In this case, there is no evidence that appellant or his counsel ever made an express, written waiver of appellant's constitutional or statutory speedy trial rights, or that appellant or his counsel ever waived appellant's constitutional or speedy trial rights in open court. King, 70 Ohio St.3d at syllabus. Thus, waiver of speedy trial rights is not an issue in this case.
 {¶ 53} In light of the foregoing, the trial court's continuance of the trial from August 19, 2004 to September 17, 2004 is chargeable to the state, rather than appellant, for speedy trial purposes.
 {¶ 54} Despite the state's missteps in procuring the timely attendance of several of its witnesses, if the state had brought appellant to trial on September 17, 2004, there may not have been any speedy trial violation, since, despite the state's request for a second and third continuance, the matter had been tolled for speedy trial purposes during most of that period due to appellant's motion to reconsider. Because of appellant's motion to reconsider, the speedy trial time limit had been tolled, at least, until September 10, 2004. Under these circumstances, it might have been possible to argue that appellant's speedy trial rights would not have been violated had the state brought appellant to trial on September 17, 2004.
 {¶ 55} On September 17, 2004, a hearing was held, at which time appellant indicated that he was willing to enter a guilty plea to a lesser charge. However, when the hearing commenced, appellant changed his mind and withdrew his offer to plead guilty, offering, instead, to plead no contest to the reduced charge. The trial court rescheduled the trial for November 3, 2004. We agree with the state that the period of delay between September 17, 2004 and November 3, 2004 was chargeable to the appellant, pursuant to R.C. 2945.72(E), since it constitutes a "period of delay necessitated by reason of a plea in bar[.]" This period of delay, then, extended the speedy trial limit to November 3, 2004.
 {¶ 56} However, on September 29, 2004, the state moved for afourth continuance of the trial date, on the grounds that Detective Walker was going to be on vacation on that date. The trial court granted the continuance on November 4, 2004 after, again, finding it to be "well made." The trial court continued the November 3, 2004 trial date until March 25, 2005. The state contends that this fourth continuance of the trial date should be charged against appellant for speedy trial purposes, because it was reasonable and necessary. We disagree with this argument.
 {¶ 57} Initially, the trial court did not journalize its continuance of the November 3, 2004 trial date until November 4, 2004. At this point in the proceedings, however, the speedy trial limit had been extended to November 3, 2004. Thus, the trial court failed to journalize the continuance before the expiration of the November 3, 2004 speedy trial time limit. See King,70 Ohio St.3d at 162, and Stamps, 127 Ohio App.3d at 224.
 {¶ 58} Furthermore, the state failed to offer any reasonable justification for not having the witnesses it needed to prosecute the case for the fourth time in these proceedings. The state moved for a continuance of the November 3, 2004 trial date on the basis that one of the law enforcement officers involved in the case, Detective Walker, was going to be on vacation. If this had been the only continuance that the state had sought, the state's request might have been reasonable. See Saffell,35 Ohio St.3d at 91.
 {¶ 59} However, this was not the first continuance sought by the state; instead, it was the fourth. The state failed to offer any persuasive explanation as to why it should have been permitted to continue the trial for a fourth time, after it already continued the trial on three previous occasions due to the unavailability of several witnesses, including on one occasion, Detective Walker. Under these circumstances, the trial court's continuance of the November 3, 2004 trial date cannot be deemed reasonable. Cf. Saffell, 35 Ohio St.3d at 91; see, also,Stamps, 127 Ohio App.3d at 224.
 {¶ 60} In cases involving a statutory speedy trial issue, reviewing courts are required to balance two principles, which are sometimes in conflict. First, a reviewing court must be mindful of the time constraints placed on the schedules of trial judges, prosecutors, and law enforcement officers. In light of this concern, R.C. 2945.72(H) provides that the time within which an accused must be brought to trial may be extended, not only for the period of any continuance granted on the accused's own motion, but also by "the period of any reasonable continuance granted other than upon the accused's own motion."
 {¶ 61} However, the Ohio Supreme Court has cautioned "that to construe R.C. 2945.72 too broadly would render meaningless and thwart the purpose of the speedy trial statutes." Patrick,61 Ohio St.2d at 108. Consequently, the court has stated that "[p]ractices that undercut the implementation of the `speedy trial' provisions of R.C. 2945.71 and 2945.73 cannot be used to extend the prescribed statutory time limits." Id., citing Statev. Pudlock (1975), 44 Ohio St.2d 104.
 {¶ 62} For example, in State v. Wentworth (1978),54 Ohio St.2d 171, the court held that the continuance of a case for trial to a date more than double the statutory speedy trial time limit due to a crowded docket was "facially unreasonable," in the absence of facts and circumstances in the record demonstrating that the continuance was reasonable and necessary. Id. at 174-175, cited and discussed in Patrick,61 Ohio St.2d at 108-109.
 {¶ 63} In this case, the trial court's decision to grant the state four continuances of the trial constitutes a practice that undercuts the implementation of the speedy trial provisions contained in R.C. 2945.71, et seq. While the first continuance of the case was reasonable and necessary, the record in this case fails to show that the three subsequent continuances were reasonable and necessary.
 {¶ 64} Furthermore, when the trial court continued the November 3, 2004 trial date to March 24, 2005, the trial court provided no justification for its decision to continue the trial date for approximately four and one-half months later. As a result of the four continuances that the trial court granted to the state, it took approximately 740 days, or more than twoyears, after the date of appellant's March 14, 2003 arrest to bring appellant to trial. We conclude that this amount of time was "facially unreasonable." Patrick, 61 Ohio St.2d at 108, citing Wentworth, 54 Ohio St.2d 171. To condone this practice, "would render meaningless and thwart the purpose of the speedy trial statutes." Id.
 {¶ 65} We conclude that under the circumstances present in this case, the state should have brought appellant to trial no later than November 3, 2004. Because the state failed to do so, it is apparent that appellant's statutory right to a speedy trial was violated. Consequently, the trial court erred by overruling appellant's motion to dismiss on grounds that his statutory right to a speedy trial had been violated. Appellant was entitled to a discharge, pursuant to R.C. 2945.73(B).
 {¶ 66} Appellant's first assignment of error is sustained.
 {¶ 67} Assignment of Error No. 2:
 {¶ 68} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE DEFENDANT IN FAILING TO DETERMINE THE REASONABLENESS OF THE MANNER OF EXECUTION OF THE SEARCH WARRANT AND OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS IN THE ABSENCE OF ANY EVIDENCE SUPPORTING THE REASONABLENESS OF THE MANNER OF ENTRY."
 {¶ 69} Appellant's second assignment of error has been rendered moot as a result of our disposition of his first assignment of error. Therefore, we need not decide it. See App.R. 12(A)(1)(c).
 {¶ 70} The trial court's judgment is reversed, and appellant is ordered discharged pursuant to R.C. 2945.73(B).
Powell, P.J., and Young, J., concur.
[1] Anderson works at the Ohio Bureau of Criminal Identification and Investigation ("BCII"), performing laboratory analyses as part of her regular duties.